FILED IN MY OFFICE
DISTRICT COURT CLERK
5/4/2016 11:39:33 AM
STEPHEN T. PACHECO
Jessica Garcia

STATE OF NEW MEXICO
SANTA FE COUNTY
FIRST JUDICIAL DISTRICT COURT

Jennifer Day,
    Appellant

v.                                      No. D-101-CV-2016-00886

City of Santa Fe,
    Appellee.

### NOTICE OF FILING OF RECORD ON APPEAL

    The City of Santa Fe ("City") herewith files in accordance with Rule 1-074(H) NMRA the record on appeal in the proceedings appealed from in this matter, said record consisting of the following:

1.  Title page containing the names and addresses of the parties' counsel.

2.  A copy of all papers, pleadings and exhibits filed in the proceedings appealed from, including the following, in chronological order:

    a.  Memorandum and accompanying exhibits to Members of the Governing Body from Theresa Gheen, Assistant City Attorney, regarding Jennifer Day's appeal of the January 12, 2016 Decision of the Historic Districts Review Board in Case #H-15-106 Denying the Exception to Apply Green Stucco to a Building Located at 1244 Camino de Cruz Blanca in the Historic Review District

        i.  Exhibit A – Verified Appeal Petition

        ii.  Exhibit B – Historic Preservation Inquiry Form dated 8/14/2015

EXHIBIT

B

iii.   Exhibit C – City staff memo to the Historic Districts Review Board, dated December 8, 2015, with attachments

iv.   Exhibit D – Summary Index of Historic Districts Review Board actions taken on December 8, 2015 and relevant excerpt of minutes

v.   Exhibit E – Correction to the minutes of the December 8, 2015 meeting, approved by the Historic Districts Review Board on the January 12, 2016 meeting

vi.   Exhibit F – Findings of Fact and Conclusions of Law adopted by the Historic Districts Review Board on the January 12, 2016 hearing

vii.   Exhibit G – Letter from Appellant's counsel to David Rasch, Supervising Planner, Historic Preservation Division and attachments, dated October 13, 2015

viii.   Exhibit H – Letter from Appellant's agent to David Rasch, Supervising Planner, Historic Preservation Division and attachments, received September 3, 2015

ix.   Exhibit I – Miscellaneous items, including Board Action letter from David Rasch, Supervising Planner, Historic Preservation Division

b.   City staff submittals to Governing Body at the February 24, 2016 meeting

i.   Three color photographs (A, B, C)

ii.   City Code excerpts

c.   Appellant Jennifer Day's submittals to Governing Body at the February 24, 2016 meeting

i. Nine color photographs

ii. Map "HJ Districts"

3. Agenda and relevant portion of the Minutes of the Regular Meeting of the Governing Body of the City of Santa Fe, New Mexico held on February 24, 2016, which include, commencing on Page 28 and continuing through Page 47, the minutes of said proceedings, captioned therein as "CASE #2016-07. APPEAL OF THE HISTORIC DISTRICTS REVIEW BOARD'S DECISION ON JANUARY 12, 2016, CONCERNING PROPERTY LOCATED AT 1244 CAMINO DE CRUZ BLANCA IN THE HISTORIC REVIEW DISTRICT AS CASE #H-15-106. SOMMER, KARNES & ASSOCIATES, AGENTS FOR JENNIFER DAY, REQUEST THAT THE GOVERNING BODY RESCIND THE DENIAL OF AN EXCEPTION TO APPLY GREEN STUCCO TO THE RESIDENTS" [sic].

4. A copy of the City Governing Body Findings of Fact and Conclusions of Law in Case #2016-07, identified in the records of the City as Item #16-0158 (3 pages) and adopting the City Historic District Review Board's Findings of Fact and Conclusions of Law in Case #H-15-106, identified in the records of the City as Item #16-0012 (3 pages).

Because uploading the record using the electronic filing system for the First Judicial District Court as required by Local Rule 1-312 converts the record to black and white and because color documents were submitted and color is anticipated to be an issue in the appeal, a courtesy hard copy of the color documents of the Record on Appeal [RA 0018, 0025, 0026, 0027, 0028, 0029, 0030, 0031, 0032, 0033, 0034,

0035, 0036, 0039, 0040, 0041, 0042, 0077, 0078, 0079, 0081, 0082, 0083, 0084,

0085, 0086, 0087, 0088, 0089 and 0090] were personally delivered to Judge Francis

Mathew and to Appellant's counsel on the same day as the filing of the record.

The City reserves the right to amend the Record on Appeal pursuant to Rule

1-074(I) NMRA 2007.

> CITY OF SANTA FE:
> KELLEY A. BRENNAN, CITY
> ATTORNEY
>
> By: _____
>
> Theresa E. Gheen
> Assistant City Attorney
> 200 Lincoln Avenue
> Post Office Box 909
> Santa Fe, NM 87504-0909
> (505) 955-2976
> tegheen@ci.santa-fe.nm.us

## Certificate of Service

*I hereby certify that I have served a copy of the foregoing Notice of Filing of Record on Appeal through the Court's Odyssey filing system to Appellant's counsel on this 4th day of May, 2016.*

Theresa E. Gheen
Assistant City Attorney

4

STATE OF NEW MEXICO
SANTA FE COUNTY
FIRST JUDICIAL DISTRICT COURT


JENNIFER DAY,
    Plaintiff/Appellant

v.                                  No. D-101-CV-2016-00886

CITY OF SANTA FE, and
THE SANTA FE CITY COUNCIL,
    Defendants/Appellees.

## <u>TITLE PAGE – RECORD ON APPEAL</u>

       In accordance with Rule 1-074(H)(1) NMRA the names and mailing addresses

of the parties to this action and/or their counsel are as follows:

Attorney for Appellant:

        Joseph M. Karnes
        P.O. Box 2476
        Santa Fe, NM  87504-2476

Attorney for Appellees City of Santa Fe and Santa Fe City Council:

        Kelley A. Brennan, City Attorney
        Theresa E. Gheen, Assistant City Attorney
        City of Santa Fe
        200 Lincoln Avenue
        P.O. Box 909
        Santa Fe, NM  87504-0909

STATE OF NEW MEXICO
SANTA FE COUNTY
FIRST JUDICIAL DISTRICT COURT


JENNIFER DAY,
    Plaintiff/Appellant

v.                                 No. D-101-CV-2016-00886

CITY OF SANTA FE
and THE SANTA FE CITY COUNCIL,
    Defendants/Appellees.


## TABLE OF CONTENTS – RECORD ON APPEAL

| | |
|---|---|
| Memorandum to Members of the Governing Body from Theresa Gheen, Assistant City Attorney, regarding Jennifer Day's appeal of the January 12, 2016 Decision of the Historic Districts Review Board in Case #H-15-106 Denying the Exception to Apply Green Stucco to a Building Located at 1244 Camino de Cruz Blanca in the Historic Review District | 0001 |
| Exhibit A – Verified Appeal Petition | 0007 |
| Exhibit B – Historic Preservation Inquiry Form dated 8/14/2015 | 0017 |
| Exhibit C – City staff memo to the Historic Districts Review Board, dated December 8, 2015, with attachments | 0019 |
| Exhibit D – Summary Index of Historic Districts Review Board actions taken on December 8, 2015 and relevant excerpt of minutes | 0050 |
| Exhibit E – Correction to the minutes of the December 8, 2015 meeting, approved by the Historic Districts Review Board on the January 12, 2016 meeting | 0059 |
| Exhibit F – Findings of Fact and Conclusions of Law adopted by the Historic Districts Review Board on the January 12, 2016 hearing | 0062 |
| Exhibit G – Letter from Appellant's counsel to David Rasch, Supervising Planner, Historic Preservation Division and attachments, dated October 13, 2015 | 0065 |
| Exhibit H – Letter from Appellant's agent to David Rasch, Supervising Planner, Historic Preservation Division and attachments, received September 3, 2015 | 0068 |
| Exhibit I – Miscellaneous items, including Board Action letter from David Rasch, Supervising Planner, Historic Preservation Division | 0073 |
| City staff submittals to Governing Body at February 24, 2016 Meeting: | |
|     Color photographs (Exhibits A, B, C) | 0077 |

| | |
|---|---|
| City Code excerpts | 0080 |
| Appellant Jennifer Day's submittals to Governing Body at February 24, 2016 meeting: | |
| Color photographs (Exhibits 1, 2, 3, 4, 5, 6, 7, 8 and 9) | 0081 |
| Map "HJ Districts" | 0090 |
| Agenda and relevant portion of the Minutes of the Regular Meeting of the Governing Body held on February 24, 2016 | 0091 |
| Findings of Fact and Conclusions of Law adopted by the Governing Body on March 17, 2016 | 0118 |



# City of Santa Fe, New Mexico

200 Lincoln Avenue, P.O. Box 909, Santa Fe, N.M. 87504-0909
www.santafenm.gov

*Javier M. Gonzales, Mayor*

Councilors:
Peter N. Ives, Mayor Pro Tem, Dist. 2
Patti J. Bushee, Dist. 1
Signe I. Lindell, Dist. 1
Joseph M. Maestas, Dist. 2
Carmichael A. Dominguez, Dist. 3
Christopher M. Rivera, Dist. 3
Ronald S. Trujillo, Dist. 4
Bill Dimas, Dist. 4

<u>Memorandum</u>

To:        Members of the Governing Body

From:      Theresa Gheen, Assistant City Attorney

Via:       Kelley Brennan, City Attorney

Re:        Case #2016-07.  Appeal of the January 12, 2016 Decision
           of the Historic Districts Review Board in Case #H-15-106
           Denying an Exception to Apply Green Stucco to a Building
           Located at 1244 Camino de Cruz Blanca in the Historic
           Review District

Date:      February 15, 2015 for February 24, 2016 Meeting of the Governing Body

## I.    THE APPEAL

On January 25, 2016, Jennifer Day, residing at 1240 Camino Cruz Blanca, filed a Verified
Appeal Petition (<u>Appeal</u>) appealing the January 12, 2016 Decision of the Historic Districts
Review Board (<u>Board</u>) in Case #H-15-106 denying the Exception Request (<u>Exception Request</u>)
to apply green stucco to a building located at 1244 Camino Cruz Blanca (<u>Building</u>) located in the
Historic Review District.  A copy of the Appeal is attached as **Exhibit A**.

## II.   HISTORY OF THE CASE

1244 Camino de Cruz Blanca is a single-family residence and garage constructed in a simplified
Santa Fe style in 1991, with alterations in 2011.  The Building has no historic status in the
Historic Review District. Without approvals or construction permits, in 2015, Jimmy and
Jennifer Day (<u>Applicants</u>) made exterior alterations, including applying green stucco to the
residence and garage and commencing construction of a portal. A stop-work order was issued
before August 14, 2015, as implied by the Historic Preservation Inquiry Form which notes
"illegal green stucco," attached as **Exhibit B**.

Case No. 2016-07 – Appeal to the Governing Body of HDRB Denial of Exception for Green Stucco
1244 Camino Cruz Blanca
Page 2 of 6

On or around October 28, 2105, the Applicants submitted an application seeking retroactive approval for the construction of the portal and an exception ("Exception") to allow the Building's green stucco. The Building is publicly visible from St. John's College's main roadway, as well as from the parking area for the City's Atalaya trail, the trail itself, and from the Arroyo Chamiso. The Building has limited public visibility from Camino Cruz Blanca and Wilderness Gate. (The Historic Preservation Division (HPD) has color photographs from these places.)

HPD staff recommended approval of the Exception, although it technically could not support several statements in the Applicants' exception criteria responses. Staff reports and exhibits are attached as **Exhibit C**, including color photographs submitted by Applicants.[1]

On December 8, the HDRB conducted a public hearing on the Application. (Relevant portions of the minutes (Minutes) of that hearing are attached as **Exhibit D**, and corrections to those minutes at the January 12, 2016 Board meeting are attached as **Exhibit E**). At the December 8 hearing, HPD staff presented its report and answered the Board's questions. Board members noted the visibility of the Building from St. John's. (Minutes, pp. 17-18) Board members also noted that several properties in the vicinity which were cited by the Applicant as being green were illegally done, and that an exception granted for a house on Garcia St. was for a color that was more grey than green. (Id.)

At the public hearing, the Applicants' counsel argued that the Building was not visible from a "public place." The Board disagreed, finding that the Building is "visible from a place the public uses, is invited to use, and often views the house." (January 12, 2016 Minutes, p. 2, ¶3) Applicants' counsel also presented these issues in a letter to the HPD dated October 13, 2015, attached as **Exhibit G.**

After conducting a public hearing and having heard from all interested persons, including Applicants, who raised at the hearing substantially the same issues raised in this Appeal, the Board unanimously approved the portal, but denied the Exception for green stucco, finding the color had been applied illegally and that the Applicants had not met the exception criteria.

On January 12, 2016, the Board approved written Findings of Fact and Conclusions of Law ("FOF & COL") embodying its decision. (A copy of the FOF & COL is attached as **Exhibit F**.) On January 25, Appellant filed the Appeal. (The terms, "Applicants" and "Appellant(s)" are used interchangeably.)

III.   BASIS OF APPEAL
A.   Appellant's Issues on Appeal.

    1.   The Board's denial of the Exception Request, is a misapplication of SFCC § 14-5.2(F)(2)(a) because the Building is visible from St. John's College, which is private

---

[1] The Staff Report includes the Application. Other items provided by Applicants, their counsel, agents or contractors are included as **Exhibit H**. Miscellaneous items are attached as **Exhibit I**.

property and does not qualify as a "public street, way or other public place."

2. Assuming the Building is publicly visible, there was insufficient evidence in the record to support the Board's finding that re-stuccoing does not constitute a hardship; re-stuccoing is an added cost and disturbance to Appellants, and other buildings in the vicinity have green stucco that blends into the evergreens.

## IV.   RELIEF SOUGHT

Appellant asks the Governing Body to vacate the Decision and approve their Exception request to allow the Building to continue to have its green color.

## V.   ISSUE RAISED BY THE APPEAL; ANALYSIS

Appellants' argument:

Appellants argue that historic district standards are not triggered because the Building is not publicly visible from a "public place." They state the Building is not visible from Camino Cruz Blanca and that visibility from St, John's, a private university, is outside the scope of the ordinance.  Appellant then argues that even if the ordinance were triggered, the Applicant met the exception criteria. In particular, Applicants applied stucco as an emergency remedy, and re-stuccoing is a hardship in that it would entail cost, time and disturbance to Appellants.

Analysis: Whether the Building is publicly visible from a "public place"

District standards in the Historic Review District only apply to structures which are "subject to public view from any public street, way, or <u>other public place</u>." SFCC 14-5.2(F)(2)(a).  "Publicly visible" is defined in SFCC 14-12.1 as "[t]he <u>portion of a structure visible from a public street, way or other area to which the public has legal access</u>; and provided that to be publicly visible, a structure need not be adjacent to a public street, way or area to which the public has legal access."  (Emphasis supplied.)

It is uncontested that the Building is visible from St. John's main road and from Wilderness Gate road. There is also limited visibility from Camino Cruz Blanca.  The Building is highly visible along several points on St. John's main road, which is open to the public – facts discussed at the hearing. (<u>Minutes</u>, pp. 17-18) From there, one can access parking, City trailheads (from which the Building is also visible) and the campus itself.

The Board and the City Attorney's Office have long interpreted SFCC 14-5.2(F)(2)(a) to include any place to which the general public has access.  This interpretation is consistent with the language and intent of the Code, which tracks the enabling State statute.[2, 3]

---

[2] §3-22-3, NMSA 1978 (1983 amended) empowers the City to adopt and enforce regulations relating to exterior features of structures within historic districts "subject to public view from any public street, way or other. public place." This language must be read in conjunction with federal and other state legislation relating to historic preservation, including the City's designation as a Certified Local Government, and in light of its Charter powers.

The general purpose of the Historic Districts ordinance is to "promote the economic, cultural and general welfare of the people of the city and to ensure the harmonious, orderly and efficient growth and development of the city" . . . "which preserve property values and attract tourists and residents alike . . . ." SFCC 14-5.2(A)(1). Maintaining district standards for buildings in the Historic Review District which are publicly visible from places accessible by the general public furthers the legislative intent and is within the scope of SFCC 14-5.2(F)(2). To hold that to be a "public place", a location must be owned or otherwise controlled by the City, would strip the ordinance of its power. Appellants' narrow construction also runs afoul of judicial interpretation,  and of the interpretation by the City Attorney's Office, HPD and Board. [4]  The same rules of construction applied to statutes are used in construing municipal ordinances. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶¶4-5, 126 N.M. 413; *see Lantz v. Santa Fe Extraterritorial Zoning Authority*, 2004-NMCA-090, ¶7, 136 N.M. 74. First, courts look to the plain language of an ordinance and give the words their ordinary meaning. *Id.* Second, persuasive weight will be given to long-standing administrative constructions of ordinances by the agency charged with administering them. *Id.* Third, multiple sections of an ordinance must be read together so that all are given effect. Here, the ordinance is sufficiently clear that St. John's main road and parking lot to City trailheads are included in the scope of SFCC 14-5.2(F)(2).  Even in the absence of such clarity, HPD staff, the Board and the City Attorney's Office have consistently interpreted the Sub-section's scope to include any place to which the general public has access.

Conclusion: The Building is visible from several "public places," including Camino Cruz Blanca, St. John's main road, the parking lot at City trailheads, and the City trails themselves. As such, the district standards in SFCC 14-5.2(F)(2) apply to the Building.

Analysis: Whether Applicants meet all three exception criteria

In order for the Board to grant an exception, an applicant:

> . . . shall conclusively demonstrate and the board shall make a positive finding of fact that such exceptions comply with all the criteria listed:
> (i)      Do not damage the character of the district;
>
> (ii)     Are required to prevent a hardship to the *applicant* or an injury to the public welfare; and

---

[3] The original phrase at issues dates back to 1965. A 1963 American Law Reports article analyzed the term "public place" within the requirements of posting notice, and states that the term "is usually defined as some place to which the public resorts, so that a notice in such a place may be expected to be seen by persons who are interested therein or affected thereby. . . . The fact that the notice was posted on private property will not affect its character as a 'public notice' if it is placed where it is likely to be seen by interested and affected persons." Finberg, B., "What is 'Public Place' Within Requirements as to Posting of Notices," 90 ALR.2d 1210, 1210 (1963).

[4] The term "public place" has most often been judicially examined in a criminal context where it is generally defined as any place to which the general public has access. See e.g., In re May, 569 S.E.2d 704, 708 (N.C.App.2002), 153 N.C.App. 299 (In the offense of simple affray, "'public place' is a . . . place visited by many persons, and usually accessible to the neighboring public.") (internal citations omitted), affirmed 584 S.E.2d 271, 357 N.C. 423.

Case No. 2016-07 – Appeal to the Governing Body of HDRB Denial of Exception for Green Stucco
1244 Camino Cruz Blanca
Page 5 of 6

(iii)     Strengthen the unique heterogeneous character of the *City* by providing a full
range of design options to ensure that residents can continue to reside within the
historic districts.

SFCC 14-5.2(C)(5) (emphasis added).

The Board found the Applicants failed to meet the exception criteria for hardship in that "it was
not a hardship [for them] . . . to go back and follow the rules of a brown color . . . ." (FOF &
COL, p. 2, ¶¶9-11)  Had the Applicants complied with City Code requirements and applied for a
building permit for the restucco and the construction of the portal, they would have known that
green was not an approved color and could have avoided their current predicament.  Applicants
state that applying stucco was an emergency measure to fix the "exterior stucco sliding off the
house in several locations." (Appeal, p. 3, ¶3)  But Applicants did not even attempt to contact
City staff about Code requirements applicable to the stucco work or to the construction of the
portal.  They simply started the work.  And, given that Applicants own three residences in
historic districts (including a neighboring residence on Camino Cruz Blanca, for which
Applicants had previously sought HPD approval), and used to own a third structure on Camino
Cruz Blanca, it is reasonable to infer that Applicants knew about the historic district
requirements, or should have known.  If there is a hardship, the Applicants brought it on
themselves by violating City Code.

Applicants claim re-stuccoing would waste time and money.  However, they do not have to
restucco.  They can paint the stucco to correct the color, which would minimize the cost. (FOF
& COL, p. 2)  The Board has also consistently held that money is not a sole determinant for
hardship.  Applicants benefit from higher property values because the Building is situated within
the historic district.  To permit them to benefit from the ordinance without having to comply with
it would injure the public welfare.  It would be unfair to neighbors who do comply with
applicable Code requirements, could result in lower property values, and might encourage others
to "ask for forgiveness, rather than ask for permission."  Lastly, in light of the minimal time and
disturbance necessary to hire contractors, Appellants' claims of hardship on that point hold little
water.

There is sufficient evidence in the record that the Applicants also failed to meet the other two
exception criteria.  First, the green color would damage the character of the district since it is a
prohibited color.  That there is one house on Garcia Street, with a muted grey color with a green
tint that may have been granted an exception by the Board does not prove otherwise.[5]  That other
houses may have an illegally applied green color is similarly unpersuasive.  Moreover, the green
hue on those houses is significantly more muted than the green currently at issue. (These issues
were discussed in the hearing. See Minutes, pp. 15-18)

The Governing Body may also find that the Exception does not "strengthen the unique
heterogeneous character of the City . . . to ensure that residents can continue to reside within the

---

[5] At the hearing, Staff stated the Board had required additional trees to screen the green stucco on Garcia St.
(Minutes, p. 17, ¶3). A Board Member noted Morley's tenets for Santa Fe Style in which "earth toned colors" and
"any light color" are permitted; green is not permitted.  (Id., p. 13, bottom)

Case No. 2016-07 – Appeal to the Governing Body of HDRB Denial of Exception for Green Stucco
1244 Camino Cruz Blanca
Page 6 of 6

district." Applicants put forth no evidence or opinion that is responsive to this question.[6] (Staff Report, p. 14) One is hard-pressed to imagine a scenario in which a house's color would enable "residents to continue to reside in this district."

Conclusion: In this *de novo* review, Appellants fail to conclusively establish that they meet all three exception criteria.

VI.    CONCLUSION

- If the Governing Body concludes that the Applicants fail to meet all the exception criteria, the Governing Body should deny the Appeal and affirm the Board's decision.

- If the Governing Body concludes the Applicants met all exception criteria, the Governing Body should vote to either: (1) grant the Appeal and grant the exception request in the Application, finding that all exception criteria have been met; or (2) remand the Application to the Board for further action in accordance with the direction of the Governing Body.

---

[6] Applicants' response to this criterion was that other structures in the vicinity have this green hue (Staff Report, p. 3, last 2 paras.) and that the color is appropriate for a setting within an evergreen forest and blends in the surroundings.

RA0006



| **LUD Use Only** | | |
|---|---|---|
| Time Filed: 2:45 PM | (date stamp) | Case#2016-07 |
| Fee paid: $100.00 | | **VERIFIED APPEAL** |
| Receipt attached: | | **PETITION** |

**\*\*Two originals of this form must be filed. The Land Use Department Director or his/her designee will enter the date and time of receipt and initial both originals. See Section 14-3.17(D) SFCC 2001 for the procedure.\*\***

## Appellant Information

Name: __DAY       Jennifer__
        *Last*        *First*        *M.I.*

Address: __1240 CAMINO de CRUZ BlANCA__
        *Street Address*          *Suite/Unit #*

__SANTA FE__            __NM__   __87505__
    *City*                *State*    *ZIP Code*

Phone: (505) 820-1915    E-mail Address: __Jennifer@JdayDesign.com__

Additional Appellant Names: _____

Correspondence Directed to: ☐ Appellant    ☒ Agent    ☐ Both

## Agent Authorization (if applicable)

I/We: __Jennifer DAY__

authorize __Sommer Karnes & Associates LLP__ to act as my/our agent to execute this application.

Signed: _____    Date: __1/21/16__

Signed: _____    Date: __1/21/16__

## Subject of Appeal

Project Name: __1244 Camino de Cruz Blanca Exception Request__

Applicant or Owner Name: __Jennifer DAY__

Location of Subject Site: __1244 Camino de Cruz Blanca__

Case Number: __H-15-106__    Permit Number (if applicable): _____

**Final Action Appealed:**

☐ Issuance of Building Permit      ☐ Other Final Determination of LUD Director

Final Action of Board or
Commission (specify): ☐ Planning Commission   ☐ Board of Adjustment   ☐ BCD-DRC   ☒ HDRB

Basis of Standing (see Section 14-3.17(B) SFCC 2001):
__MS DAY IS THE APPLICANT__

Basis for
Appeal: ☒ The facts were incorrectly determined    ☒ Ordinances/laws were violated and/or misrepresented

Description of the final action appealed from, and date on which final action was taken:

__See Attached__

☒ Check here if you have attached a copy of the final action that is being appealed.

| **EXHIBIT** |
|---|
| A |

RA0007

Verified Appeal Petition
Page 2 of 2

---

## Description of Harm

Describe the harm that would result to you from the action appealed from (attach additional pages if necessary):

*See Attached*

---

## Explain the Basis for Appeal

Please detail the basis for Appeal here (be specific):

*See Attached*

---

## Signature and Verification

*I hereby certify that the documents submitted for review and consideration by the City of Santa Fe have been prepared to meet the minimum standards outlined in the Land Development Code, Chapter 14 SFCC 2001. Failure to meet these standards may result in the rejection or postponement of my application. I also certify that I have met with the City's Current Planning staff to verify that the attached proposal is in compliance with the City's zoning requirements.*

Appellant Signature: _____     Date: 1/21/16

Agent Signature: _____     Date: 1/19/16

State of New Mexico          )
                             ) ss.
County of Santa Fe           )

I/We Jennifer & James Day _____, being first duly sworn, depose and say: I/We have read the foregoing appeal petition and know the contents thereof and that the same are true to my/our own knowledge.

Petitioner/s:

_____          _____
Signature                          Signature

                                   James M. Day, Jr.
_____          _____
Print Name                         Print Name

Subscribed and sworn to before me this 21 day of JANUARY, 20 16.

_____
NOTARY PUBLIC

My commission expires:
5/3/19

RA0008

# SOMMER, KARNES & ASSOCIATES, LLP

**Mailing Address**
Post Office Box 2476
Santa Fe, New Mexico 87504-2476

**Street Address**
200 West Marcy Street, Suite 139
Santa Fe, New Mexico 87501

Telephone:(505) 989.3800
Facsimile:(505)982.1745

Karl H. Sommer, Attorney at Law
khs@sommer-assoc.com
Joseph M. Karnes, Attorney at Law
jmk@sommer-assoc.com

Mychal L. Delgado, Certified Paralegal
mld@sommer-assoc.com

James R. Hawley, Attorney at Law
jrh@sommer-assoc.com
Of Counsel
Licensed in New Mexico and California

January 25, 2016

Lisa Martinez, Land Use Department Director
200 Lincoln Avenue
Santa Fe, NM 87501

Re:    Property at 1244 Camino de Cruz Blanca (the "Property")
       Appeal of HDRB action in Case # H-15-106

Dear Ms. Martinez:

On behalf of Property owners Jimmy and Jennifer Day, this letter and accompanying form constitute the Days' appeal of the HDRB's decision to deny their application for an exception to allow for the existing non-earth-toned stucco to remain on their home. Following are the Days' responses to the substantive questions of the appeal form.

*1.      Description of the final action appealed from and date on which the final action was taken.*

The Days applied for an exception to allow for the non-earth-toned stucco existing on their home to remain. The final action was taken at the December 8, 2015 HDRB meeting. A copy of the Board action letter and the adopted findings of fact and conclusions of law (the "Findings") are attached.

*2.      Describe the harm that would result to you from the action appealed from.*

The Days purchased the Property in 2014 and soon after found that the exterior stucco was sliding off the house in several locations. They took emergency action to mitigate further damage and had new stucco installed without realizing that an exception is necessary for the green stucco color. The stucco color is similar to several existing houses in the area and blends in with the evergreen-forested slopes prevalent in the area and Historic staff recommended approval of the application. Denial of the exception request would necessitate a second complete re-stucco of the house, which would result in unwarranted expense and disturbance.

*3.      Please detail the basis for the Appeal.*

The Property is located within the Historic Review District. The District Standards address stucco color and other structural matters. The District Standards *only* apply when "the exterior

SOMMER, KARNES & ASSOCIATES, LLP

**Lisa Martinez**
**January 25, 2016**
**Page 2 of 3**

features of buildings and other structures subject to public view from any public street, way or other public place are erected, altered, or demolished." (City Code §14-5.2.F.2) If the building is *not* visible from a public place, then the District Standards do not apply. The Days have maintained from the start that no exception is required, but submitted the application in the alternative, in order to expedite resolution of the red-tag imposed by staff, as the red-tag harms the Property.

The Findings state as fact that "the structure is visible from a place the public uses and is invited to and where the public often views the house." (Finding of Fact 6) While the Findings do not identify the described location, testimony at the hearing indicated the location to be St. John's College. As documented in the application materials, which are part of the record in this case, St. John's College is private property. St. John's does not qualify as a public street, way or other public place.

The implicit conclusion in the Findings that St. John's is "a place the public uses and is invited to" does not satisfy the express Code requirement and there is no evidence in the record supporting the factual conclusion that St. John's qualifies as a public street, way or other public place. A determination to the contrary would transform private property into "public places" without any indication of such intent in the Code and would vitiate the limitation, as it would encompass all non-residential areas within the City.

The Code provisions addressing public streets and public ways are readily identifiable and limited. Structures visible from private streets and private ways are expressly excluded from the exception requirement. However, the expansive reading of "other public places" stated in the Findings would transform private streets and private ways into public areas given that the public can travel on such streets and ways without permission of the property owners. Such a reading would directly contradict the express language of the Code excepting structures visible from private streets and ways from the exception requirement. Based on the foregoing, the exception criteria do not apply to the application and the grounds for the HDRB's denial are contrary to law.

Even if the exception criteria were applicable, the single finding of fact regarding the exception criteria is not supported by the evidence in the record. The Order states as fact that "it is not a hardship to the Applicant to go back and follow the rules of a brown color for the structure, even if it is costly. (Finding of Fact 11) The Code does not define what constitutes a hardship and there is no basis in the Code supporting a finding that imposition of a costly action on a property owner does not constitute a hardship. Furthermore, the evidence in the record shows that in addition to the substantial cost, requiring that the house be re-stuccoed would result in disturbance, which would also be a hardship to the Days.

Furthermore, there is evidence in the record that there are several houses in the vicinity with green stucco, which blends in with the evergreens that are prevalent in the area (in contrast to brown stucco, which would make the house more visible at a distance).

SOMMER, KARNES & ASSOCIATES, LLP

**Lisa Martinez**
**January 25, 2016**
**Page 3 of 3**

Historic staff recommended approval of the Application and concluded that the Application satisfied all three of the exception criteria. Based on the foregoing, we request that you overturn the HDRB decision and allow the status quo to remain.

Sincerely,

Joseph Karnes

RA0011



# City of Santa Fe, New Mexico

200 Lincoln Avenue, P.O. Box 909, Santa Fe, N.M. 87504-0909
www.santafenm.gov

*Javier M. Gonzales, Mayor*

Councilors:
Peter N. Ives, Mayor Pro Tem, Dist. 2
Patti J. Bushee, Dist. 1
Signe I. Lindell, Dist. 1
Joseph M. Maestas, Dist. 2
Carmichael A. Dominguez, Dist. 3
Christopher M. Rivera, Dist. 3
Ronald S. Trujillo, Dist. 4
Bill Dimas, Dist. 4

Project description:  Andy Lyons, agent for Jimmy and Jennifer Day, owners, proposes to remodel a non-statused residential structure including construction of a 233 sq. ft. portal to a height of 10'11" and application of nontraditional stucco. An exception is requested to use a prohibited stucco color (Section 14-5.2(F)(2)(a)(ii)).

Case number:     H-15-106
Project Type:    HDRB

**PROJECT LOCATION(S):**        **1244 Camino de Cruz Blanca**

**PROJECT NAMES:**

OW – Jennifer Day                    1240 Camino de Cruz Blanca
Santa Fe, NM 87505                   505-820-1915

AP – Andrew Lyons                    P.O. Box 8858
Santa Fe, NM 87504                   505-982-7999

## BOARD ACTION

This is to certify that the Historic Districts Review Board (HDRB) acted on your request at their hearing on December 8, 2015. The decision of the Board was to approve the portal addition and deny the exception request to apply non-earth-toned stucco by finding that the structure is publicly-visible, that earth-tone colored stucco is not a hardship, that any hardship is self-inflicted because approvals and permits are lacking, and that the applicant shall restucco or elastomeric paint the structure in an approved earth-tone color. For further information please call 955-6605.

Sincerely,

David Rasch
Supervising Planner, Historic Preservation Division

**NOTE:**  Applicant can use this action letter to apply for construction permit, but the permit shall not be released until the end of the appeal period which starts on the date of filing of the Findings and Conclusions in the City Clerk's office (SFCC 14-3.17(D)). Your permit will be denied if any changes on plans that were not approved by the HDRB or if conditions of approval are not met. **Please attach copies of this letter to all sets when submitting for construction permits.**

ITEM # 116-0012

City of Santa Fe
Historic Districts Review Board
Findings of Fact and Conclusions of Law

Case #H-15-106
Address – 1244 Camino de Cruz Blanca
Agent's Name – Andy Lyons
Owner/Applicant's Name – Jimmy Day and Jennifer Day

THIS MATTER came before the Historic Districts Review Board ("Board") for hearing on December 8, 2015.

BACKGROUND & SUMMARY:

1244 Camino de Cruz Blanca is a single-family residence and garage that was constructed in a simplified Santa Fe style in 1991 with alterations in 2011. The building has no historic status in the Historic Review Historic District. The applicant made exterior alterations without approvals or construction permits and a stop work order has been issued.

The applicant proposes to remodel the building with the following two items.

1.    A 233 square foot portal will be constructed on the south elevation to a height of 10' 11". The portal is designed in a simplified character with sealed wooden viga posts and a standing seam shed roof. The clear-finished viga posts will not match the other portal on the building which has white-painted square posts, but the copper standing seam will match other roofs on the building.
2.    A green-colored stucco has been applied to the structure. An exception is requested to apply a prohibited color (Code Section 14-5.2(F)(2)(a)(ii)).

Staff presented responses to exception criteria at the hearing and in its report.

FINDINGS OF FACT

1. After conducting public hearings and having heard from the Applicant and all interested persons, the Board hereby FINDS, as follows:
2. Zoning staff determined that the Application meets underlying zoning standards.
3. Staff Recommendation: Staff recommends approval of the exception request to apply a non-earth-toned stucco to the building; although, technically, Staff could not support several statements in the exception criteria responses and otherwise recommends approval of this application which complies with Section 14-5.2(D)(9) General Design Standards, Height Pitch Scale and Massing and (F) Historic Review Historic District.
4. The project is subject to requirements of the following sections of the Santa Fe Land Development Code:

RA0013

_X_ Section 14-5.2(D)(9) General Design Standards, Height Pitch Scale and Massing (of any structure).

_X_ Section 14-5.2(C), Regulation of Significant and Contributing Structures

5. The property is located in the following district and subject to the related sections of the Santa Fe Land Development Code:

_X_ Historic Review District (Section 14-5.2(F))

6. The portal is not publicly visible.

7. Code Section 14-5.2(F)(2)(a) requires brown, tan or local earth tones for a structure "whenever exterior features of *buildings* and other *structures* subject to public view from any public *street*, way, or other public place are erected, altered, or demolished".

8. The structure is visible from a place the public uses and is invited to and where the public often views the house.

9. ~~An Exception Request was Applicable to Item 2 in this Application:~~

_X_ Exception Request Applicable:

_X_ Exception criteria were not met.

10. Granting the exception is not necessary to prevent a hardship to the Applicant.

11. It is not a hardship to the Applicant to go back and follow the rules of a brown color for the structure, even if it is costly.

12. In this Historic District, elastomeric stucco or elastomeric paint is allowed.

13. Under Sections 14-2.6(C), 14-2.7(C)(2), 14-5.2(A)(1), 14-5.2(C)(2)(a-d & f) and 14-5.2(C)(3)(a) and (b), and Section 14-5.2(D) the Board has authority to review, approve, with or without conditions, or deny, all or some of the Applicant's proposed design to assure overall compliance with applicable design standards.

14. Under Section 14-5.2(C)(3)(b), the Board has the authority to approve an application for alteration or new construction on the condition that changes relating to exterior appearance recommended by the Board be made in the proposed work, and no permit is to issue until new exhibits, satisfactory to the Board, have been submitted.

15. The information contained in the Application, and provided in testimony and evidence establishes that all applicable requirements have been met for approved items.

CONCLUSIONS OF LAW

Under the circumstances and given the evidence and testimony submitted during the hearing, the Board acted upon the Application as follows:

1. The Board has the authority to review and approve the Application.

2. The Board approved the Item 1 in the Application, with:

_X_ No additional conditions.

3. The Board denied Item 2 in the Application.

**IT IS SO ORDERED ON THIS 12ᵗʰ DAY OF JANUARY 2016, THE HISTORIC DISTRICTS REVIEW BOARD OF THE CITY OF SANTA FE.**

RA0014

_Cecilia Rios_
Chairperson

12 January 2016
Date:

FILED:
_Yolanda Y. Vigil_
Yolanda Y. Vigil
City Clerk

14 January 2016
Date:

APPROVED AS TO FORM
_____
Assistant City Attorney

1/14/16
Date:

RA0015

```
            City of Santa Fe
            200 Lincoln Ave.
            Santa Fe, NM 87504
              505-955-4333
========================================
Misc GL
                  1x  100.00   100.00
GL Number: 11001.431470...


Payer Name: SOMMER, KARNES & ASSOC LLP

========================================
SubTotal:                       100.00
Total:                          100.00
========================================
Check                           100.00
Number : 5763

01/25/2016   14:45            LeonaS
#0303454 /2/1
*********** DUPLICATE #001 ************

01/25/2016   14:45            LeonaS
               Thank You
```

RA0016

week of 8/24  (pref. 8/27)   Friday  8/28/15  9:15 AM

## Historic Preservation Inquiry Form

Date: 8/14/2015   Name: Andy Lyons   Phone: 982 7999

Email: andrew@andrewlyonsdesign.com   Alt/Cell: _____

Work Site Address: 1244 Camino de Cruz Blanca   Verified on ArcGIS ☑

Historic District:   Don Gaspar Area ☐   Downtown and Eastside ☐

Historic Review ☑ Transition ☐   Westside-Guadalupe ☐

Historic Status   N/A                    HCPI# _____

Date of Construction: _____   Source: _____   **Red Flag** (over 50 years old) ☐

Alterations with Dates: _____            Previous HDRB Case: _____

Proposed Work:   portal addition

*red tag*                      also illegal Green Stucco

Meet with Planner On-Site ☑      In-Office ☐      Drive-by ☐
Date/Time:                        Date/Time:        Date/Time:

HDRB Hearing Required ☐      Resolve w/Administrative Approval ☐

Assigned to: David

Special Instructions: _____

Requires:   Building Height Calculation ☐      Wall/Fence Height Calculation ☐

Field Notes: _____

                                     Street Frontages _____

Follow-Up: _____

EXHIBIT
B

RA0017

